CRETA LAW FIRM, PLLC
12725 W. Indian School Road
Suite E-101
Avondale, AZ 85392-9525
602-288-8610
602-324-7172 (fax)

Sandra J. Creta, AZ Bar No. 018434
(sandra.creta@cretalaw.com)
Attorney for Plaintiff Ava Rose, M.D.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Ava Rose, M.D.**, <br> Plaintiff, <br><br> vs. <br><br> **Dignity Health**, a California Corporation, and **Does I through X**, Inclusive, <br><br> Defendants | Case No. _____ <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **SEX DISCRIMINATION, TITLE VII CIVIL RIGHTS ACT** <br> 2. **LIBEL PER SE** <br> 3. **TORTIOUS INTERFERENCE WITH CONTRACT** <br> 4. **TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Ava Rose, MD alleges:

### Parties

1. At all times relevant herein Plaintiff Ava Rose, MD (hereinafter "Plaintiff" or "Dr. Rose"), was and is a resident of Scottsdale, Arizona. She is a forty (40) year-old transgender woman.

2. Plaintiff legally changed her name to Ava Rose on December 13, 2018. Until December 18, 2018, Plaintiff's medical license reflected her former name, which was David Rosenblum, M.D.

3. At all times relevant herein Defendant Dignity Health owned and operated Mercy Gilbert Medical Center in Gilbert, Arizona. Dignity Health (hereinafter "Defendant" or "Dignity") is a not-for-profit corporation organized and existing under the laws of the State of California with its principal office in San Francisco, California.

4. At all times relevant to the matters alleged herein, Doe Defendants I through X were employees, agents or partners of Dignity. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of this Court to amend this complaint to allege the true names and capacities of these defendants when ascertained.

5. Plaintiff is informed and believes and therefore alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee or partner or joint venturer with one or more of the other Defendants and was acting within the course, cause and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to have been committed by one or more of the other Defendants.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 201, et seq. because this action arises under the Constitution and laws of the United States of America.

7. Jurisdiction is proper because Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964. Thus, there is a federal question.

8. Jurisdiction is also proper pursuant to 28 U.S.C § 1332, because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

10. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) because the acts of which the Plaintiff complains occurred in Arizona. Plaintiff is an Arizona resident and Defendant Dignity maintains a significant business presence within the District.

## Factual Allegations

11. Plaintiff is a medical doctor licensed to practice medicine in the State of Arizona. She was hired by Dignity to work at Mercy Gilbert in May 2018. She was hired through the medical group Pioneer Hospitalists, LLC.

12. Plaintiff is a 2003 graduate of Eastern Michigan University and a 2011 graduate of St. Matthews Medical University.

13. Plaintiff is a transgender woman who had gender affirming surgery on November 30, 2018 and had her name legally changed to reflect her gender identity on December 13, 2018.

14. Plaintiff informed Dignity that she was transgender on November 2, 2018.

15. On or about December 15, 2018, Plaintiff returned from her medical leave to her position as a hospitalist physician at Mercy Gilbert.

16. At that time, she was sexually harassed by two male nurses in full view and hearing of other employees. She was subjected to sexual comments including but not limited to: being asked what size breast implants she had; if the surgical incision site was below her nipples or in her armpits and what name individuals should now call her. All of these comments were unwelcome, and Plaintiff let the offending individuals know that but the comments continued nonetheless.

17. As a result of the hostility Plaintiff withdrew from the situation.

18. Later that day, December 15, 2018, those who had harassed her falsely accused Plaintiff of being under the influence of drugs and based on that report she was sent home by hospital management. She explained that the accusations were false and said she believed there were other circumstances and was not permitted to explain further.

19. On or about December 18, 2018, Plaintiff returned back to work at Mercy Gilbert. She met with the Mercy Gilbert Chief Medical Officer, Yagnesh Patel, and another physician, whom she did not know.

20. Plaintiff explained that she was not under the influence, that the allegations were false and complained of sexual harassment. Dr. Patel told Plaintiff, in front of the other physician, "Well we're just not going to look into that," and refused to investigate her complaint of sexual harassment.

21. Dr. Patel further informed Plaintiff that based upon his investigation of her behavior, he would be filing charges against her with the Arizona Medical Board for improper discharge of a patient and providing an improper dosage of medication to another patient, as well as for being allegedly under the influence of drugs. He then sent Plaintiff home on an indefinite suspension.

22. Within approximately an hour of Plaintiff's report of sexual harassment to Dr. Patel, he filed charges against her with the Arizona Medical Board. Dr. Patel's charges were filed against David Rosenblum, M.D., which was the name on Plaintiff's license on the date of the alleged misconduct.

23. These charges were knowingly and demonstrably false and made in bad faith.

24. As a result of these charges Plaintiff's medical license was suspended by the Arizona Medical Board and she had to agree to go to a Drug Rehabilitation program at her own expense as a condition of having her license suspension lifted.

25. **The Alcohol Rehabilitation Center Director determined that Plaintiff had not been impaired on December 15, 2018.**

26. In April 2019, after an extensive evaluation that supported Plaintiff's contention that she had not used illicit drugs on the job, **the Arizona Medical Board authorized Plaintiff to return to work and restored her medical license.** Plaintiff requested that she be allowed to resume her duties at Mercy Gilbert.

27. Even though her hospital privileges were restored, Plaintiff was never again scheduled to work at Mercy Gilbert or any other Dignity medical facility despite repeated requests by the Plaintiff to return to the schedule.

28. This failure to return Plaintiff to the schedule was primarily orchestrated by Dr. Yagnesh Patel who was a Mercy Gilbert Officer.

29. As a result of the actions of Dignity in suspending Plaintiff on a pretext and without cause and refusing to allow her to return to the work schedule, Plaintiff has already suffered economic damage in excess of $900,000 and significant emotional distress and such damages are continuing.

30. Dignity's actions discriminated against Plaintiff on the basis of her sex, female, and for her failure to conform to sexual stereotypes in violation of Title VII of the Civil Rights Act of 1964 as amended.

## Administrative Action

31. Plaintiff filed an administrative complaint with the United States Equal Employment Opportunity Commission in a timely fashion. A copy of the Charge is attached as Exhibit "A".

32. Plaintiff received the Right to Sue by letter dated February 2, 2021 a copy of which is attached as **Exhibit "B".**

# FIRST CAUSE OF ACTION

## (Sex/Gender Discrimination in Violation of Civil Rights Act of 1964 as Amended)

33. Plaintiff hereby realleges and incorporates by reference herein as if fully set forth paragraphs 1 through 32 above.

34. Dignity discriminated against Plaintiff because of her sex, transgender status and for her failure to conform to sex-stereotypes in violation of Title VII of the Civil Rights Act of 1964 as amended. All of Dignity's actions toward Plaintiff were a pretext for discrimination.

35. As a result of the actions of Dignity, Plaintiff has suffered economic damage and emotional distress and such damages are continuing.

36. Dignity's actions were intentional, malicious, and fraudulent and warrant the award of punitive damages against Dignity consistent with its financial condition.

# SECOND CAUSE OF ACTION

## (Libel Per Se)

37. Plaintiff hereby realleges and incorporates by reference as if fully set forth herein paragraphs 1 through 36 of this Complaint.

38. Dignity through its Chief Medical Officer told the Arizona Medical Board that Plaintiff had improperly discharged a patient from Mercy Gilbert Medical Center.

39. Dignity, through Dr. Patel, also accused Plaintiff of giving an unsafe dosage of insulin to a patient. The medication was not prescribed by Plaintiff—it was prescribed by an endocrinologist.

40. These statements were knowingly and demonstrably false at the time they were made by Dr. Yagnesh Patel, the Chief Medical Officer of Mercy Gilbert Medical Center.

41. Dr. Patel's statements were made in bad faith. In addition, Dr. Patel alleged that Plaintiff was under the influence of drugs on December 15, 2018 which was also a knowingly false statement made in bad faith.

42. These statements constituted libel per se because they impacted Plaintiff's reputation in her chosen profession, medicine.

43. These statements were made as part of an effort to discriminate against the Plaintiff because of her transgender status and to justify her termination as a physician at Mercy Gilbert Medical Center.

44. As a result of these statements Plaintiff has suffered economic damages, emotional distress and reputational damage and such damages are continuing.

45. The actions of Dignity were fraudulent, malicious and intentional and warrant the award of punitive damages to the Plaintiff against Dignity consistent with its financial condition.

## THIRD CAUSE OF ACTION

**(Tortious Interference with Contract)**

46. Plaintiff hereby realleges and incorporates by reference herein as if fully set forth in paragraphs 1 through 45 of this Complaint.

47. Plaintiff had a contract with Pioneer Hospitalists, LLC ("Pioneer") to provide services as a hospitalist to serve in that capacity at hospitals with whom the group had an arrangement. One of these hospitals was Mercy Gilbert Medical Center.

48. Dr. Yagnesh Patel as the Chief Medical Officer of Mercy Gilbert was aware of Plaintiff's contract with Pioneer.

49. The publishing of knowingly false and libelous statements to the Arizona Medical Board in bad faith was improper and resulted in the suspension of Plaintiff's Arizona Medical License thus preventing Plaintiff from performing her hospitalist's duties under the contract with Pioneer Hospitalists.

50. Dr. Yagnesh Patel intended to disrupt the performance of Plaintiff's contract with Pioneer Hospitalists, LLC or knew that disruption of performance was certain or substantially certain to occur.

51. Plaintiff suffered harm in the form of the suspension of her medical license and the loss of income from her contract with Pioneer Hospitalists, LLC and emotional distress.

52. Dignity's conduct was a substantial factor in causing Plaintiff's harm.

53. Dignity's actions were willful, fraudulent, malicious and in bad faith and warrant the award of punitive damages against Dignity in light of Dignity's financial condition.

## FOURTH CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Relations)

54. Plaintiff hereby realleges and incorporates by reference herein as if fully set forth Paragraph 1 through 53 of this Complaint.

55. Plaintiff and Pioneer Hospitalists were in an economic relationship from which Plaintiff benefitted. This economic relationship and the economic benefit to Plaintiff would have continued but for the actions of Dignity and its officers and agents.

56. Dr. Yagnesh Patel of Dignity knew of that relationship.

57. Dr. Patel engaged in the publication of libelous knowingly false statements to the Arizona Medical Board in bad faith.

58. By engaging in this improper conduct, Dr. Patel of Dignity intended to disrupt this relationship or knew that the disruption of the relationship was certain or substantially certain to occur.

59. The relationship between Plaintiff and Pioneer Hospitalists, LLC was disrupted.

60. Plaintiff suffered harm in the form of lost income, reputational damage and emotional distress.

61. The conduct of Dr. Patel of Dignity was a substantial factor in causing Plaintiff's harm.

62. Dignity's actions were willful, fraudulent, malicious and in bad faith and warrant the award of punitive damages against Dignity in light of Dignity's financial condition.

## PRAYER

Wherefore Plaintiff requests judgment against Defendants and each of them as follows:

A. For economic damages according to proof;

B. For reputational damages;

C. For emotional distress damages;

D. For Punitive damages;

E. For attorney fees as authorized by statute or case law; and

F. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

DATED this 3rd day of May, 2021.

CRETA LAW FIRM, PLLC

/s/Sandra J. Creta
Sandra J. Creta
12725 W. Indian School Road
Suite E-101
Avondale, Arizona 85392-9525
*Attorney for Ava Rose, M.D.*

**COMPLAINT FOR DAMAGES**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2021, I electronically filed the attached Complaint with the Clerk's office using the CM/ECF System for filing.

*s/Sandra J. Creta*

10
**COMPLAINT FOR DAMAGES**