**GREENBERG TRAURIG, LLP**
**ATTORNEYS AT LAW**
**SUITE 700**
**2375 EAST CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**(602) 445-8000**

Lindsay J. Fiore, SBN 026382, fiorel@gtlaw.com
Shalayne L. Pillar, SBN 034066, pillars@gtlaw.com
*Attorneys for Defendant Dignity Health*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ava Rose, M.D., | NO. 2:21-cv-00775-JAT |
| Plaintiff, | **DEFENDANT DIGNITY HEALTH'S** |
| vs. | **ANSWER TO PLAINTIFF'S FIRST** |
| | **AMENDED COMPLAINT** |
| Dignity Health, a California corporation, and Does I through X, inclusive, | |
| Defendants. | |

Defendant Dignity Health Corporation ("Dignity Health" or "Defendant"), by and through undersigned counsel, state for its Answer to Plaintiff's First Amended Complaint [Dkt. 12] as follows:

### I.

### PARTIES

1.     At all times relevant herein Plaintiff Ava Rose, MD (hereinafter "Plaintiff" or "Dr. Rose"), was and is a resident of Scottsdale, Arizona.  She is a forty (40) year-old transgender woman.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 1 and therefore denies the same, except to admit that Plaintiff is Ava Rose, M.D.**

2.      Plaintiff legally changed her name to Ava Rose on December 13, 2018.  Until December 18, 2018, Plaintiff's medical license reflected her former name, which was David Rosenblum, M.D.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 2 and therefore denies the same, except to admit that until December 18, 2018, Plaintiff's medical license reflected her name as David Rosenblum, M.D.**

3.      At all times relevant herein Defendant Dignity Health owned and operated Mercy Gilbert Medical Center in Gilbert, Arizona.  Dignity Health (hereinafter "Defendant" or "Dignity") is a not-for-profit corporation organized and existing under the laws of the State of California with its principal office in San Francisco, California.

**ANSWER:  Defendant denies the allegations in Paragraph 3, except to admit that it owns and operates Mercy Gilbert Medical Center in Gilbert, Arizona, it is incorporated in California, and its principal office is in San Francisco, California.**

4.      At all times relevant to the matters alleged herein, Doe Defendants I through X were employees, agents or partners of Dignity.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does I through X, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will pray leave of this Court to amend this complaint to allege the true names and capacities of these defendants when ascertained.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 4 and therefore denies the same.**

5.      Plaintiff is informed and believes and therefore alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee or partner or joint venturer with one or more of the other Defendants and was acting within the course, cause and scope of that relationship.  Plaintiff is further informed and believes, and thereon

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to have been committed by one or more of the other Defendants.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 5 and therefore denies the same.**

## II.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C.  § 1331, 29 U.S.C. § 201, et seq. because this action arises under the Constitution and laws of the United States of America.

**ANSWER:  Defendant denies the allegations in Paragraph 6, except to admit that this Court has subject matter jurisdiction.**

7.     Jurisdiction is proper because Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964.  Thus, there is a federal question.

**ANSWER:  Defendant denies the allegations in Paragraph 7, except to admit Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964 and this Court has federal question jurisdiction.**

8.     Jurisdiction is also proper pursuant to 28 U.S.C § 1332, because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**ANSWER:  Defendant admits the allegations in Paragraph 8.**

9.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

**ANSWER:  Defendant denies the allegations in Paragraph 9, except to admit that this Court has supplemental jurisdiction over Plaintiff's state law claims.**

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

10.     Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) because the acts of which the Plaintiff complains occurred in Arizona.  Plaintiff is an Arizona resident and Defendant Dignity maintains a significant business presence within the District.

**ANSWER:  Defendant denies the allegations in Paragraph 10, except to admit venue is proper.**

### III.

### FACTUAL ALLEGATIONS

11.     Plaintiff is a medical doctor licensed to practice medicine in the State of Arizona.  She was hired by Dignity to work at Mercy Gilbert in May 2018.  She was hired through the medical group Pioneer Hospitalists, LLC.

**ANSWER:  Defendant denies the allegations in Paragraph 11, except to admit that Plaintiff is a medical doctor, licensed to practice in Arizona, and she provided services at Mercy Gilbert Medical Center.**

12.     Plaintiff is a 2003 graduate of Eastern Michigan University and a 2011 graduate of St. Matthews Medical University.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 12 and therefore denies the same.**

13.     Plaintiff is a transgender woman who had gender affirming surgery on November 30, 2018 and had her name legally changed to reflect her gender identity on December 13, 2018.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 13 and therefore denies the same.**

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

14.     Plaintiff informed Dignity that she was transgender on November 2, 2018.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 14 and therefore denies the same, except to admit that Plaintiff informed Defendant that she is transgender.**

15.     On or about December 15, 2018, Plaintiff returned from her medical leave to her position as a hospitalist physician at Mercy Gilbert.

**ANSWER:  Defendant denies the allegations in Paragraph 15, except to admit that Plaintiff returned to providing services for Mercy Gilbert Medical Center in December 2018.**

16.     At that time, she was sexually harassed by two male nurses in full view and hearing of other employees.  She was subjected to sexual comments including but not limited to: being asked what size breast implants she had; if the surgical incision site was below her nipples or in her armpits and what name individuals should now call her.  All of these comments were unwelcome, and Plaintiff let the offending individuals know that but the comments continued nonetheless.

**ANSWER:  Defendant denies the allegations in Paragraph 16.**

17.     As a result of the hostility Plaintiff withdrew from the situation.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 17 and therefore denies the same.**

18.     Later that day, December 15, 2018, those who had harassed her falsely accused Plaintiff of being under the influence of drugs and based on that report she was sent home by hospital management.  She explained that the accusations were false and said she believed there were other circumstances and was not permitted to explain further.

**ANSWER:  Defendant denies the allegations in Paragraph 18, except to admit that Defendant received reports from individuals who were concerned that Plaintiff was under the influence of drugs at work.**

19.     On or about December 18, 2018, Plaintiff returned back to work at Mercy Gilbert.  She met with the Mercy Gilbert Chief Medical Officer, Yagnesh Patel, and another physician, whom she did not know.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 19 and therefore denies the same, except to admit that Dr. Patel and Dr. Mahmood Shahlapour met with Plaintiff on December 15, 2018.**

20.     Plaintiff explained that she was not under the influence, that the allegations were false and complained of sexual harassment.  Dr. Patel told Plaintiff, in front of the other physician, "Well we're just not going to look into that," and refused to investigate her complaint of sexual harassment.

**ANSWER:  Defendant denies the allegations in Paragraph 20.**

21.     Dr. Patel further informed Plaintiff that based upon his investigation of her behavior, he would be filing charges against her with the Arizona Medical Board for improper discharge of a patient and providing an improper dosage of medication to another patient, as well as for being allegedly under the influence of drugs.  He then sent Plaintiff home on an indefinite suspension.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 21 and therefore denies the same,  except to admit that Dr. Patel told Plaintiff he would be filing a complaint with the Arizona Medical Board based on patient care concerns, and he sent Plaintiff home.**

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

22.    Within approximately an hour of Plaintiff's report of sexual harassment to Dr. Patel, he filed charges against her with the Arizona Medical Board.  Dr. Patel's charges were filed against David Rosenblum, M.D., which was the name on Plaintiff's license on the date of the alleged misconduct.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 22 and therefore denies the same, except to admit that Dr. Patel filed a complaint with the Arizona Medical Board against Plaintiff under the name David Rosenblum, M.D., which was the name on Plaintiff's license on the date of the alleged misconduct.**

23.    These charges were knowingly and demonstrably false and made in bad faith.

**ANSWER:  Defendant denies the allegations in Paragraph 23.**

24.    Plaintiff did not learn what Dr. Patel had reported to the Arizona Medical Board until she received an email from the AZ Medical Board on July 7, 2020.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 24 and therefore denies the same.**

25.    As a result of these charges Plaintiff's was required by the Arizona Medical Board to agree to go to a Drug Rehabilitation program at her own expense.  The Arizona Medical Board also required her to not practice medicine until she was cleared by the drug rehabilitation program and the AZ Medical Board to resume her practice, which resulted in a *de facto* suspension of her medical license.

**ANSWER: Defendant denies the allegations in Paragraph 25, except to admit that Plaintiff's medical license was suspended by the Arizona Medical Board.**

26.    The Alcohol Rehabilitation Center Director determined that Plaintiff had not been impaired on December 15, 2018.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 26 and therefore denies the same.**

27.    In April 2019, after an extensive evaluation that supported Plaintiff's contention that she had not used illicit drugs on the job, the Arizona Medical Board authorized Plaintiff to return to work and restored her medical license.  Plaintiff requested that she be allowed to resume her duties at Mercy Gilbert.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 27 and therefore denies the same, except to admit that Plaintiff's medical license was reinstated and Plaintiff subsequently requested reappointment of her privileges at Mercy Gilbert.**

28.    Even though her hospital privileges were restored, Plaintiff was never again scheduled to work at Mercy Gilbert or any other Dignity medical facility despite repeated requests by the Plaintiff to return to the schedule.

**ANSWER:  Defendant denies the allegations in Paragraph 28 , except to admit that Plaintiff no longer provides services at Mercy Gilbert Medical Center.**

29.    This failure to return Plaintiff to the schedule was primarily orchestrated by Dr. Yagnesh Patel who was a Mercy Gilbert Officer and is continued discrimination against Plaintiff.

**ANSWER:  Defendant denies the allegations in Paragraph 29.**

30.    In March and April 2020, Plaintiff, through counsel, requested to return to work and to be placed back on the schedule.

**ANSWER:  Defendant denies the allegations in Paragraph 30, except to admit that Plaintiff contacted Dignity Health regarding a request for reappointment of her hospital privileges.**

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

31.     Despite these requests, Dignity refused to permit Plaintiff to return to work and suggested that she look for work elsewhere.

**ANSWER:  Defendant denies the allegations in Paragraph 31.**

32.     As a result of the actions of Dignity in suspending Plaintiff on a pretext and without cause and refusing to allow her to return to the work schedule, Plaintiff has already suffered economic damage in excess of $900,000 and significant emotional distress and such damages are continuing.

**ANSWER:  Defendant denies the allegations in Paragraph 32.**

33.     Dignity's actions discriminated against Plaintiff on the basis of her sex, female, and for her failure to conform to sexual stereotypes in violation of Title VII of the Civil Rights Act of 1964 as amended.

**ANSWER:  Defendant denies the allegations in Paragraph 33.**

**IV.**

**ADMINISTRATIVE ACTION**

34.     Plaintiff filed an administrative complaint with the United States Equal Employment Opportunity Commission in a timely fashion.  A copy of the Charge is attached as Exhibit "A".

**ANSWER:  Defendant denies the allegations in Paragraph 34, except to admit that Plaintiff filed the EEOC charge that is attached as Exhibit A to her Amended Complaint.**

35.     Plaintiff received the Right to Sue by letter dated February 2, 2021 a copy of which is attached as Exhibit "B".

**ANSWER:  Defendant admits the allegations in Paragraph 35.**

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

**V.**

## FIRST CAUSE OF ACTION

**(Sex/Gender Discrimination in Violation of**

**Civil Rights Act of 1964 as Amended)**

36.     Plaintiff hereby realleges and incorporates by reference herein as if fully set forth paragraphs 1 through 33 above.

**ANSWER:  Defendant incorporates by reference the answers set forth in paragraphs 1 through 35 above.**

37.     Dignity discriminated against Plaintiff because of her sex, transgender status and for her failure to conform to sex-stereotypes in violation of Title VII of the Civil Rights Act of 1964 as amended.  All of Dignity's actions toward Plaintiff were a pretext for discrimination.

**ANSWER:  Defendant denies the allegations in Paragraph 37.**

38.     As a result of the actions of Dignity, Plaintiff has suffered economic damage and emotional distress and such damages are continuing.

**ANSWER:  Defendant denies the allegations in Paragraph 38.**

39.     Dignity's actions were intentional, malicious, and fraudulent and warrant the award of punitive damages against Dignity consistent with its financial condition.

**ANSWER:  Defendant denies the allegations in Paragraph 39.**

**VI.**

## SECOND CAUSE OF ACTION

**(Libel Per Se)**

40.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein paragraphs 1 through 37 of this Complaint.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

**ANSWER:  Defendant incorporates by reference the answers set forth in paragraphs 1 through 39 above.**

41.     Dignity through its Chief Medical Officer told the Arizona Medical Board that Plaintiff had improperly discharged a patient from Mercy Gilbert Medical Center.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 41 and therefore denies the same, except to admit Dr. Patel filed a complaint against Plaintiff with the Arizona Medical Board, which included concerns about a patient who had been discharged.**

42.     Dignity, through Dr. Patel, also accused Plaintiff of giving an unsafe dosage of insulin to a patient.  The medication was not prescribed by Plaintiff—it was prescribed by an endocrinologist.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 42 and therefore denies the same, except to admit that Dr. Patel filed a complaint against Plaintiff with the Arizona Medical Board, which included concerns about the dosage of insulin given to a patient.**

43.     These statements were knowingly and demonstrably false at the time they were made by Dr. Yagnesh Patel, the Chief Medical Officer of Mercy Gilbert Medical Center.

**ANSWER:  Defendant denies the allegations in Paragraph 43.**

44.     Plaintiff only became aware of these statements when they were brought to her attention in an email from the AZ Medical Board on July 7, 2020.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 44 and therefore denies the same.**

45.     Prior to receiving this email, Plaintiff did not know nor should she have known that these statements had been made by Dr. Patel.

**ANSWER Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 45 and therefore denies the same.**

46.     Dr. Patel's statements were made in bad faith.  In addition, Dr. Patel alleged that Plaintiff was under the influence of drugs on December 15, 2018 which was also a knowingly false statement made in bad faith.

**ANSWER:  Defendant denies the allegations in Paragraph 46.**

47.     These statements constituted libel per se because they impacted Plaintiff's reputation in her chosen profession, medicine.

**ANSWER:  Defendant denies the allegations in Paragraph 47.**

48.     These statements were made as part of an effort to discriminate against the Plaintiff because of her transgender status and to justify her termination as a physician at Mercy Gilbert Medical Center.

**ANSWER:  Defendant denies the allegations in Paragraph 48.**

49.     As a result of these statements Plaintiff has suffered economic damages, emotional distress and reputational damage and such damages are continuing.

**ANSWER:  Defendant denies the allegations in Paragraph 49.**

50.     The actions of Dignity were fraudulent, malicious and intentional and warrant the award of punitive damages to the Plaintiff against Dignity consistent with its financial condition.

**ANSWER:  Defendant denies the allegations in Paragraph 50.**

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

## VII.

## THIRD CAUSE OF ACTION

### (Tortious Interference with Contract)

51.     Plaintiff hereby realleges and incorporates by reference herein as if fully set forth in paragraphs 1 through 48 of this Complaint.

**ANSWER:  Defendant incorporates by reference the answers set forth in Paragraphs 1 through 50 above.**

52.     Plaintiff had a contract with Pioneer Hospitalists, LLC ("Pioneer") to provide services as a hospitalist to serve in that capacity at hospitals with whom the group had an arrangement.  One of these hospitals was Mercy Gilbert Medical Center.

**ANSWER:  Defendant admits the allegations in Paragraph 52.**

53.     Dr. Yagnesh Patel as the Chief Medical Officer of Mercy Gilbert was aware of Plaintiff's contract with Pioneer.

**ANSWER:  Defendant admits the allegations in Paragraph 53.**

54.     The publishing of knowingly false and libelous statements to the Arizona Medical Board in bad faith was improper and resulted in the *de facto* suspension of Plaintiff's Arizona Medical License thus preventing Plaintiff from performing her hospitalist's duties under the contract with Pioneer Hospitalists.

**ANSWER:  Defendant denies the allegations in Paragraph 54.**

55.     Plaintiff only became aware of these statements when they were brought to her attention in an email from the AZ Medical Board on July 7, 2020.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 55 and therefore denies the same.**

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

56.    Prior to receiving this email, Plaintiff did not know nor should she have known that these statements had been made by Dr. Patel.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 56 and therefore denies the same.**

57.    Dr. Yagnesh Patel intended to disrupt the performance of Plaintiff's contract with Pioneer Hospitalists, LLC or knew that disruption of performance was certain or substantially certain to occur.

**ANSWER:  Defendant denies the allegations in Paragraph 57.**

58.    Plaintiff suffered harm in the form of the *de facto* suspension of her medical license and the loss of income from her contract with Pioneer Hospitalists, LLC and emotional distress.

**ANSWER:  Defendant denies the allegations in Paragraph 58.**

59.    Dignity's conduct was a substantial factor in causing Plaintiff's harm.

**ANSWER:  Defendant denies the allegations in Paragraph 59.**

60.    Dignity's actions were willful, fraudulent, malicious and in bad faith and warrant the award of punitive damages against Dignity in light of Dignity's financial condition.

**ANSWER:  Defendant denies the allegations in Paragraph 60.**

VIII.

**FOURTH CAUSE OF ACTION**

**(Intentional Interference with Prospective Economic Relations)**

61.    Plaintiff hereby realleges and incorporates by reference herein as if fully set forth Paragraph 1 through 58 of this Complaint.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

14

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

**ANSWER:  Defendant incorporates by reference the answers set forth in paragraphs 1 through 60 above.**

62.     Plaintiff and Pioneer Hospitalists were in an economic relationship from which Plaintiff benefitted.  This economic relationship and the economic benefit to Plaintiff would have continued but for the actions of Dignity and its officers and agents.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 62 regarding the nature of Plaintiff's relationship with Pioneer and therefore denies the same. Defendant denies the remaining allegations in Paragraph 62, except to admit that Plaintiff worked for Pioneer Hospitalists .**

63.     Dr. Yagnesh Patel of Dignity knew of that relationship.

**ANSWER:  Defendant denies the allegations in Paragraph 63, except to admit that Dr. Patel knew Plaintiff worked for Pioneer Hospitalists.**

64.     Dr. Patel engaged in the publication of libelous knowingly false statements to the Arizona Medical Board in bad faith.

**ANSWER:  Defendant denies the allegations in Paragraph 64.**

65.     Plaintiff only became aware of these statements when they were brought to her attention in an email from the AZ Medical Board on July 7, 2020

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 65 and therefore denies the same.**

66.     Prior to receiving this email, Plaintiff did not know nor should she have known that these statements had been made by Dr. Patel.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 66 and therefore denies the same.**

67.     By engaging in this improper conduct, Dr. Patel of Dignity intended to disrupt this relationship or knew that the disruption of the relationship was certain or substantially certain to occur.

**ANSWER:  Defendant denies the allegations in Paragraph 67.**

68.     The relationship between Plaintiff and Pioneer Hospitalists, LLC was disrupted.

**ANSWER:  Defendant lacks the knowledge and information necessary to form a belief as to the allegations in Paragraph 68 and therefore denies the same.**

69.     Plaintiff suffered harm in the form of lost income, reputational damage and emotional distress.

**ANSWER:  Defendant denies the allegations in Paragraph 69.**

70.     The conduct of Dr. Patel of Dignity was a substantial factor in causing Plaintiff's harm.

**ANSWER:  Defendant denies the allegations in Paragraph 70.**

71.     Dignity's actions were willful, fraudulent, malicious and in bad faith and warrant the award of punitive damages against Dignity in light of Dignity's financial condition.

**ANSWER:  Defendant denies the allegations in Paragraph 71.**

## ADDITIONAL DEFENSES

1.     Defendant denies all allegations in Plaintiff's Complaint not expressly admitted herein.

2.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

3.     Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

4.     Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with Title VII.

5.     Claims in the Complaint are barred for failure to exhaust administrative, statutory, or contractual remedies to the extent Plaintiff raises factual assertions or theories of relief outside the scope of her charge of discrimination.

6.     The Complaint fails to state facts sufficient to justify an award of punitive damages.

7.     Any claim for punitive damages under Title VII is barred because Defendant made good faith efforts to comply with the law.

8.     The Complaint fails to state a claim for special damages with the requisite specificity.

9.     Any statements made regarding Plaintiff were subject to an absolute or qualified privilege.

10.    Any statements made regarding Plaintiff were true or Defendant believed them to be true.

11.    Defendant did not act with malice or intent to cause any injury to Plaintiff.

12.    Plaintiff was not injured as a result of any alleged statements.

13.    If Plaintiff is adjudged to be entitled to any recovery, then Defendant is entitled to a set-off for any compensation, including but not limited to unemployment compensation, wages, or salaries, received by Plaintiff.

14.    Plaintiff has failed to make reasonable and diligent efforts to mitigate her alleged damages, if any.

15.    Defendant reserves the right to assert any additional defenses that may become relevant or apparent through discovery or otherwise during the course of this litigation.

17

1    WHEREFORE, Defendant respectfully requests that this Court grant judgment in its

2    favor and against Plaintiff as follows:

3    A.    Dismissing Plaintiff's Complaint with prejudice; and

4    B.    Awarding Defendant any other relief that this Court deems appropriate.

5    DATED this 22nd day of July, 2021.

6                                    GREENBERG TRAURIG LLP

7

8                             By:  /s/ Lindsay J. Fiore
9                                  Lindsay J. Fiore
                                   Shalayne L. Pillar
10                                 *Attorneys for Defendant Dignity Health*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000