LAW OFFICE OF DENNIS L. KENNELLY
DENNIS L. KENNELLY, No. 064916 (*admitted pro hac vice*)
9100 Wilshire Blvd., Suite 725 E
Beverly Hills, CA 90212
Phone: (650) 224-3113
Email: Kennelly.Dennis@gmail.com
Fax: 310-861-8999

CRETA LAW FIRM, PLLC
12725 W. Indian School Road
Suite E-101
Avondale, AZ 85392-9525
602-288-8610
602-324-7172 (fax)

Sandra J. Creta, AZ Bar No. 018434
(sandra.creta@cretalaw.com)

Attorneys for Plaintiff Ava Rose, M.D.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Ava Rose, M.D.**,<br>        Plaintiff,<br><br>vs.<br><br>**Dignity Health**, a California Corporation, and **Does I through X**, Inclusive,<br><br>        Defendants | NO. 2:21-cv-00775-JAT<br><br>**CASE MANAGEMENT REPORT** |

Pursuant to the Court's Order dated July 22, 2021, counsel for Plaintiff Ava Rose, M.D. ("Plaintiff") and Defendant Dignity Health, a California Corporation ("Defendant") have agreed to the case management report and schedule set forth below.

1. **NATURE OF THE CASE**

   **Plaintiff's Statement**:

   Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title

VII") (Count 1). Plaintiff also brings three state law causes of action for Libel Per Se (Count II); Tortious Interference with Contract (Count III); and Tortious Interference with Prospective Economic Advantage (Count IV).

In her Complaint Plaintiff alleges:

Plaintiff is a medical doctor licensed to practice medicine in the State of Arizona. She was hired by Defendant to work at Mercy Gilbert in May 2018. She was hired through the medical group Pioneer Hospitalists, LLC. Plaintiff is a transgender woman who had gender affirming surgery on November 30, 2018, and had her name legally changed to reflect her gender identity on December 13, 2018. Plaintiff informed Defendant that she was transgender on November 2, 2018. On or about December 15, 2018, Plaintiff returned from her medical leave to her position as a hospitalist physician at Mercy Gilbert.

On or about December 18, 2018, Plaintiff returned back to work at Mercy Gilbert. She met with the Mercy Gilbert Chief Medical Officer, Yagnesh Patel, and another physician, whom she did not know. Plaintiff explained that she was not under the influence, that the allegations were false and complained of sexual harassment. Dr. Patel told Plaintiff, in front of the other physician, "Well we're just not going to look into that," and refused to investigate her complaint of sexual harassment.

Dr. Patel further informed Plaintiff that based upon his investigation of her behavior, he would be filing charges against her with the Arizona Medical Board for improper discharge of a patient and providing an improper dosage of medication to another patient, as well as for being allegedly under the influence of drugs. He then sent Plaintiff home on an indefinite suspension. Within approximately an hour of Plaintiff's report of sexual harassment to Dr. Patel, he filed charges against her with the Arizona Medical Board. Dr. Patel's charges were filed against David Rosenblum, M.D., which was the name on Plaintiff's license on the date of the alleged misconduct. These charges were knowingly and demonstrably false and made in bad faith.

ACTIVE 59533142v1

Plaintiff did not learn what Dr. Patel had reported to the Arizona Medical Board until she received an email from the AZ Medical Board on July 7, 2020. As a result of these charges Plaintiff's was required by the Arizona Medical Board to agree to go to a Drug Rehabilitation program at her own expense. The Arizona Medical Board also required her to not practice medicine until she was cleared by the drug rehabilitation program and the AZ Medical Board to resume her practice, which resulted in a *de facto* suspension of her medical license. The Alcohol Rehabilitation Center Director determined that Plaintiff had not been impaired on December 15, 2018.

In April 2019, after an extensive evaluation that supported Plaintiff's contention that she had not used illicit drugs on the job, the Arizona Medical Board authorized Plaintiff to return to work and restored her medical license. Plaintiff requested that she be allowed to resume her duties at Mercy Gilbert. Even though her hospital privileges were restored, Plaintiff was never again scheduled to work at Mercy Gilbert or any other Dignity Health medical facility despite repeated requests by the Plaintiff to return to the schedule. This failure to return Plaintiff to the schedule was primarily orchestrated by Dr. Yagnesh Patel who was a Mercy Gilbert Officer and is continued discrimination against Plaintiff. In March and April 2020, Plaintiff, through counsel, requested to return to work and to be placed back on the schedule. Despite these requests, Defendant refused to permit Plaintiff to return to work and suggested that she look for work elsewhere.

As a result of the actions of Defendant in suspending Plaintiff on a pretext and without cause and refusing to allow her to return to the work schedule, Plaintiff has already suffered economic damage in excess of $900,000 and significant emotional distress and such damages are continuing.

Defendant's actions discriminated against Plaintiff on the basis of her sex, female, and for her failure to conform to sexual stereotypes in violation of Title VII of the Civil Rights Act of 1964 as amended. Plaintiff filed an administrative complaint with the United

ACTIVE 59533142v1

States Equal Employment Opportunity Commission in a timely fashion. Plaintiff received the Right to Sue by letter dated February 2, 2021.

**<u>Defendant's Statement:</u>**

Plaintiff worked at Dignity Health's Mercy Gilbert Medical Center through a contracted physician group, Pioneer Hospitalists. In December 2018, several individuals who worked with Plaintiff reported that she was displaying erratic behavior, and they had concerns about her patient care decisions. Dr. Patel met with Plaintiff to inquire about the reports. Plaintiff presented as male during that meeting, in which she admitted that she had taken narcotic medication the night before, in violation of a previous agreement she had with the Arizona Medical Board. Dr. Patel sent Plaintiff home pending an investigation. Because Plaintiff admitted to having taken narcotic medication, Dr. Patel reported Plaintiff to the Arizona Medical Board. In April 2020, the Arizona Medical Board authorized Plaintiff to return to work. Dignity Health invited Plaintiff to apply to have her credentials reinstated at Mercy Gilbert. Plaintiff never completed the application.

Defendant denies that it discriminated against Plaintiff based on sex, gender identity, or any other unlawful reason. As an initial matter, to the extent Plaintiff intends to bring a claim for sexual harassment or a claim based on any alleged adverse actions taking place in December 2018, her claims are time-barred. Plaintiff did not file her EEOC charge until December 23, 2020 well over 300 days after the events described in her Amended Complaint. Moreover, any alleged harassment by Plaintiff's coworkers is not actionable because Plaintiff failed to report it. Lastly, Plaintiff cannot establish that she was a qualified individual for the purpose of her remaining Title VII claim, as Plaintiff failed to submit a complete application to permit her reinstatement as a physician at Dignity Health. This is also a legitimate, nondiscriminatory reason to deny her return to work.

Plaintiff's libel claim fails because the statements made to the Arizona Medical Board were: (1) true or substantially true, and (2) subject one or more statutory or common

law privileges. Plaintiff's tortious interference claims are duplicative of each other, but cannot succeed in any event. Dignity Health did not take any action to interfere with her contract with Pioneer Hospitalists, and even if it did, there is no evidence of an improper motive or purpose. Plaintiff is not entitled punitive or special damages under any claim, and Plaintiff has failed to make reasonable and diligent efforts to mitigate her damages, if any.

2. **JURISDICTIONAL BASIS**

Jurisdiction over Plaintiff's federal law claims is conferred on this Court pursuant to 28 U.S.C. §1331, 42 U.S.C. §12201, *et seq.*, and 42 U.S.C. §2000e, *et seq.* Jurisdiction is also proper pursuant to 28 U.S.C § 1332, because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Jurisdiction over Plaintiff's state law claims is conferred on this Court pursuant to 28 U.S.C. §1367.

3. **PARTIES NOT SERVED**

Defendants I through X have not been served. A proposed form of order dismissing Does I through X is filed contemporaneously herewith.

4. **ADDITIONAL PARTIES NOT SUBJECT TO JURISDICTION**

None.

5. **SUITABILITY FOR REFERENCE TO ARBITRATION, A SPECIAL MASTER, OR A U.S. MAGISTRATE JUDGE.**

This case is not suitable for arbitration or referral to a special mater. The parties do not consent to a trial before a U.S. Magistrate Judge.

6. **STATUS OF RELATED CASES PENDING IN OTHER COURTS**

There are no related cases pending before other courts or judges.

7. **SUGGESETED CHANGES TO TIMING, FORM, OR REQUIREMETN OF DISCLOSURES.**

The parties will exchange initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure on or before September 16, 2021. The parties do not propose

suggested changes to the timing, form, or requirement for disclosures under Rule 26(a).

8. **Proposed Deadlines for:**

   a. Motions to amend pleadings shall be filed on or before **November 1, 2021**;

   b. Plaintiff's full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure shall be made no later than **March 25, 2022**. Defendant's expert disclosures, if any, shall be made no later than **April 29, 2022**. Rebuttal experts, which shall be limited to responding to opinions stated by initial experts, shall be made no later than May 27, 2021.

   c. The parties shall complete discovery by **July 11, 2022**;

   d. Dispositive motions should be filed on or before **August 31, 2022**;

   e. N/A.

9. **SUGGESTED CHANGES, IF ANY, IN THE LIMITATIONS ON DISCOVERY IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE.**

   None.

10. **ESTIMATED DATE THE CASE WILL BE READY FOR TRIAL, LENGTH OF TRIAL AND SUGGESTIONS TO SHORTEN TRIAL.**

    The parties believe the case will be ready for trial on or before **December 1, 2022** and estimate that the trial will take approximately 7-10 days. Presently the parties do not have suggestions for shortening the trial.

11. **JURY TRIAL**

    A jury trial has been requested and it is not in dispute.

12. **SETTLEMENT PROSPECTS.**

    The settlement prospects are unknown at this time as neither side has conducted discovery nor have settlement discussions taken place. The parties agree to file a joint status report on or before **March 31, 2022** as to the settlement prospects, including whether or not to refer the matter to a U.S. District Court Judge or a Magistrate Judge for a


6

CASE MANAGEMENT REPORT

*ACTIVE 59533142v1*

settlement conference or whether the Court's assistance is requested as part of settlement efforts.

**13. MODIFICATION OF PRETRIAL PROCEDURES AND ANY OTHER MATTERS WHICH COUNSEL BELIEVES WILL AID THE COURT IN RESOLVING THIS DISPUTE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER.**

The parties are not aware at this time of other matters that would likely aid the Court and the parties in resolving this case in a just, speedy, and inexpensive manner in accordance with Rule 1 of the Federal Rules of Civil Procedure.

Respectfully submitted this 25th day of August, 2021.

LAW OFFICE OF DENNIS L. KENNELLY

/s/Dennis L. Kennelly

CRETA LAW FIRM, PLLC

/s/Sandra J. Creta
Sandra J. Creta

*Attorneys for Ava Rose, M.D.*

GREENBERG TRAURIG LLP

/s/Shalayne L. Pillar
Lindsay J. Fiore
Shalayne L. Pillar

*Attorneys for Defendant Dignity Health*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August, 2021, I electronically filed the attached Case Management Report with the Clerk's office using the CM/ECF System for filing. Counsel for Defendant Dignity Health is a registrant and is therefore served via filing and transmittal.

/s/Sandra J. Creta