**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ava Rose, | No. CV-21-00775-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Dignity Health, | |
| Defendant. | |

They parties seek to have the Court enter a protective order (Doc. 28). The motion and proposed protective order are deficient in several respects; accordingly, the motion will be denied without prejudice.

Specifically, the parties propose the following definition of what is protectable under the Order:

> The term "Confidential Information" means information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party.

(Doc. 28-1 at 1-2).

Basically, the parties seek to have this Court enter an Order allowing them to mark as confidential for all purposes, including trial, anything they "deem" confidential. Global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Federal Rule of Civil Procedure 26(c) requires a party seeking a protective order to show good cause for issuance of such an

order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "must make a 'particularized showing of good cause with respect to [each] individual document.'" *Id.* (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

As indicated above, the proposed protective order itself falls far below this standard. In the motion for protective order (Doc. 28) the parties list many categories of information they intend to mark confidential (they do not specify whether this list is the universe of what they intend to mark confidential). They state that they intend to mark as confidential information regarding: Plaintiff's medical condition, Plaintiff's financial records, "patient care", personnel records of non-parties, and Defendant's "confidential business information." (Doc. 28 at 2).

Turning first to Plaintiff's information, Plaintiff chose to file this suit in federal court. And federal courts start with a strong presumption of public access to judicial records.

> "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978). Following the Supreme Court's lead, "we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* (*Amodeo II* ), 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev.,* 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's

understanding of the judicial process and of significant public events").

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *see also Krieger v. Nationwide Mut. Ins. Co.,* 2012 WL 1623158, at *1 (D. Ariz. May 9, 2012) ("Plaintiff put his medical condition at issue when he filed for benefits. [citation omitted]. The mere assertion that Plaintiff considers medical and personal information sensitive does not amount to a compelling reason to seal. [citation omitted]").

Thus, the Court applies a strong presumption of public access to court records. Of course, the parties can and must redact certain information without Court order consistent with Federal Rule of Civil Procedure 5.2(a). However, other than the particular pieces of information listed in Rule 5.2, generally, the public will have access to the information that forms the basis of this lawsuit. If information is not relevant to this lawsuit, then it need not be disclosed in discovery, filed with any dispositive motion or used at trial. In summary, however, to the extent Plaintiff has put her medical condition or financial condition at issue in this lawsuit, that information will be public. The parties may seek to heavily redact this information consistent with Federal Rule of Civil Procedure 5.2(e)(1), but the information that forms the basis of this suit will be public.

Next, the parties seek to mark confidential "patient care" information. The Court agrees that the medical information of individuals who are not parties to this suit should not be filed in the public record or otherwise disclosed. However, the Court must consider why "patient care" information would be relevant to this lawsuit. Plaintiff is a doctor who at some point performed work for Defendant. ("[Plaintiff] was hired by Dignity to work at Mercy Gilbert in May 2018. She was hired through the medical group Pioneer Hospitalists, LLC." (Doc. 1 at 3)). If hypothetically Defendant indents to defend this lawsuit by arguing Plaintiff performed substandard patient care, the public would have a strong interest in having access to this information. Thus, the Court must balance this public interest against the need for patient privacy. Again, this balance seems to be best struck via heavy redactions of patient information consistent with Federal Rule of Civil Procedure 5.2(e)(1), so that the actual patient's identity is not revealed, rather than

permitting the entirety of discovery to be performed subject to a protective order. *See Culver v. NXP USA Inc. Long Term Disability Ins. Plan*, No. CV-18-02205-PHX-DWL, 2019 WL 1452992, at *1 (D. Ariz. Apr. 2, 2019) ("The annoyance and expense of taking time to redact personal information from documents ordinarily cannot outweigh the public's interest in access."). To the extent the Court has not accurately guessed why "patient care" information might be relevant to this lawsuit, then the parties have failed to show the need for a protective order because they have failed to show the need to disclose such information in this case.

Additionally, the parties are cautioned that by issuing a protective Order, the Court is not giving them permission to disclose information that they are legally obligated to not disclose. The Court would merely be prohibiting the receiving party from disclosing the information. The authority to make the disclosure does not stem from the protective order. In other words, both the doctor Plaintiff and the medical provider Defendant each have a duty to comply with the relevant law notwithstanding any future issued protective order which only covers the use of the documents post-disclosure.

Issues of disclosure of personnel records of non-parties similarly seems curable by redaction consistent with Federal Rule of Civil Procedure 5.2(e)(1) without the need for a protective order. Finally, Defendant's "confidential business information" is too generalized and vague to qualify for a protective order. *See AGA Shareholders*, 2007 WL 4225450, at *1. Defendant must make a more particularized showing of the documents or information to be protected and the reason why such information would qualify for protection.

For all of the foregoing reasons,

**IT IS ORDERED** that the joint motion for a protective order (Doc. 28) is denied without prejudice.

Dated this 2nd day of November, 2021.

*James A. Teilborg*
Senior United States District Judge