WO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ava Rose, M.D., | No. CV 21-0775-PHX-JAT |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER** |
| Dignity Health, a California corporation, and Does I through X, inclusive, | |
| Defendants. | |

On November 2, 2021, this Court denied the parties request for a protective order without prejudice. (Doc. 29). The parties have renewed their request for a protective order and have narrowed the items they seek to mark as confidential. (Doc. 40). Specifically, the parties seek to mark as confidential: "1) events, diagnoses, health conditions, and medical treatment Plaintiff received when she was under the age of 18; and 2) any proposed findings or interim consent decree terms, made or presented by the Arizona Medical Board or any of its related entities, which to date have not been entered or agreed upon, related to complaints against Plaintiff by or issues related to patient care Plaintiff provided to non-Dignity Health patients." (*Id*. at 2).

Regarding Plaintiff's medical records when she was a minor, the Court does not find the parties have made a good cause showing that a protective order is justified under Federal Rule of Civil Procedure 26(c). Certainly courts have granted protective orders to mark confidential or seal information of individuals who are currently minors. However, Plaintiff is not currently a minor. As stated in this Court's previous Order (Doc. 29), and

as the parties have agreed, Plaintiff has put her medical history at issue in this case.  (*See e.g.,* Doc. 40 at 2 ("some of Plaintiff's medical records (which the Parties agree relate to her claims and are otherwise discoverable) contain information related to medical care Plaintiff received as a minor.").  As stated in the prior Order, the Court begins with the strong presumption of the public's right of access to court records that will form the basis of this Court's (or the jury's) ultimate decision. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *see also Krieger v. Nationwide Mut. Ins. Co.,* 2012 WL 1623158, at *1 (D. Ariz. May 9, 2012) ("Plaintiff put his medical condition at issue when he filed for benefits. [citation omitted].  The mere assertion that Plaintiff considers medical and personal information sensitive does not amount to a compelling reason to seal. [citation omitted]").  Given that Plaintiff is currently an adult and making informed decisions about bringing this lawsuit, the Court finds no basis to delineate between her adult medical records and her juvenile medical records.

Regarding proposed findings and interim consent decrees that have never been entered by the Arizona Medical Board, based on the parties' representations, the Court will deem those to be settlement negotiation documents.  In some circumstances, settlement documents are entitled to protection. *Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, 2007 WL 4166030, at *4 (N.D. Cal. 2007) (recognizing "the federal policy of encouraging settlements by safeguarding the confidentiality of settlement agreements").  Accordingly, the Court will permit the parties to exchange this information subject to the protective order terms detailed below.

Thus, the parties have agreed to be bound by the terms of the following Protective Order ("**Order**") in this action to facilitate document production and disclosure, and to protect the respective interests of the parties in their confidential information. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

Accordingly,

**IT IS ORDERED** that the motion for protective order (Doc. 40) is granted in part and denied in part as specified herein.

The following Definitions apply in this Order:

A.     The term "**Confidential Information**" means the following:  any proposed findings or interim consent decree terms, made by the Arizona Medical Board or any of its related entities, which to date have not been entered and/or agreed upon, and which are unrelated to Plaintiff's care of any Dignity Health patients or any events occurring within a Dignity Health facility.

B.     The term "**Counsel**" means all counsel of record throughout the litigation, including outside counsel of record, any party's in-house counsel, and other attorneys, paralegals, secretaries, and support staff assigned to and necessary to assist in the litigation.

The following provisions apply in this litigation:

1.     Upon the receipt of records that may contain Confidential Information, as defined in this Order, Counsel for Defendant shall produce it to Counsel for Plaintiff, who shall then have ten (10) business days to review the records and to designate Confidential Information in accordance with this Order.  The portion(s) of any record that is deemed to be Confidential Information shall be specifically identified by page number and item in writing.   Such pages will be stamped "CONFIDENTIAL BY ORDER."

2.     Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.     Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

(a)     The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A party will have until thirty (30) days after receipt of the deposition

transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL BY ORDER."

(b)   The portions of deposition transcripts containing Confidential Information  must bear the legend "CONFIDENTIAL BY ORDER" as appropriate, but the original or any copy ultimately presented to a court for filing may be filed under seal only upon motion as set forth herein.

4.   All Confidential Information designated as "CONFIDENTIAL BY ORDER" must not be disclosed by the receiving party to anyone other than those persons designated within this Order, must be handled in the manner set forth below, and must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or by order of the Court.

5.   Information designated "CONFIDENTIAL BY ORDER" shall not be disclosed to any person, except:

(a)   The requesting party and Counsel (as defined in Paragraph (C) above);

(b)   Consultants or experts assisting in the matter, to the extent deemed necessary by counsel;

(c)   Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information;

(d)   Any court reporter employed in this litigation and acting in that capacity and his or her staff; and

(e)   The Court and any Court staff and administrative personnel or the jury at trial.

6.   The Confidential Information may be displayed to and discussed with the persons identified in Paragraph 5(b) and (c) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.

7.   In the event a witness at a deposition refuses to sign an agreement in the form

attached as Exhibit A, Counsel may show Confidential Information to the witness, and examine the witness concerning the same, provided that neither the witness nor his or her counsel, if any, may retain or be furnished with any copy of the Confidential Information, including, but not limited to, a copy of any or all pages of the transcript of the deposition or any exhibits that are designated confidential. If the witness refuses to sign an Agreement as required by Paragraph 6 as to the deposition transcript or exhibits that disclosed Confidential Information, the inspection and signature provisions of Fed. R. Civ. P. 30(e) shall be satisfied 30 days after the reporter gives the witness written notice that the transcript has been prepared and that the witness may inspect the transcript and its exhibits in the reporter's office.

8.    The disclosure of a document or information without designating it as "CONFIDENTIAL BY ORDER" shall not constitute a waiver of the right to designate such document or information as Confidential Information.

9.    All information that has been designated as "CONFIDENTIAL BY ORDER" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that Counsel may share Confidential Information with his or her client electronically, and independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation.

10.    No document marked CONFIDENTIAL BY ORDER may be filed under seal except pursuant to an order by the Court, as set forth herein.

11.    Nothing in this Order shall be construed as automatically permitting a party to file under seal. Before any party files any document under seal, such party shall seek leave of Court and shall show "compelling reasons" (where the motion is more tangentially related to the merits of the case) or "good cause" for filing under seal.

*See CTR. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.[1] Further, no portion of the trial of the matter shall be conducted under seal.

12.    All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information is not public information and has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13.    If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the receiving party that the documents produced are deemed Confidential Information, and that the information produced should be treated as such in accordance with that designation under this

---

[1] If a party wants to use the opposing party's confidential designations to support or oppose a motion, the opposing party bears the burden to make the "compelling reasons" showing. In the event the party wishing to use the confidential information anticipates this scenario arising, the party shall initiate a discovery dispute conference call consistent with the terms of the Court's Rule 16 Scheduling Order at least two weeks before the due date of the filing in which they wish to reference the information.

Order. The receiving party must treat the information and/or record as confidential once the producing party so notifies the receiving party. If the receiving party has disclosed the information before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced record as "CONFIDENTIAL BY ORDER."

14. If a record is not designated as CONFIDENTIAL BY ORDER and Counsel for the party to whom such record was disclosed has reason to believe that the record contains Confidential Information, Counsel shall treat the information as Confidential Information and contact counsel for the other party to determine whether such information should be designated as Confidential Information pursuant to this order.

15. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

16. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

17. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18. Information designated Confidential pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party

to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

19.     Within thirty (30) days of the final termination of this action, including any and all appeals, Counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy it. With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information after the conclusion of this litigation.

20.     The restrictions and obligations set forth within this Order do not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of a violation of this Order.

21.     Transmission by e-mail, facsimile, or other reliable electronic means is acceptable

for all notification purposes within this Order.

22. Prior to the use of any Confidential Information at any pretrial hearing in this litigation, discovering counsel shall take reasonable steps to afford counsel for the producing party the opportunity to object to disclosure of Confidential Information in open court.

23. This Order may be modified by agreement of the parties, subject to approval by the Court.

24. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

25. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.

Dated this 24th day of February, 2022.


James A. Teilborg
Senior United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ava Rose, M.D., | No. CV 21-0775-PHX-JAT |
| Plaintiff, | **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |
| vs. | |
| Dignity Health, a California corporation, and Does I through X, inclusive, Defendants. | |

I, _____, declare and say that:

    1.    I have read the Protective Order (the "Order") entered in _____ and have received a copy of the Order.

    2.    I promise that I will use any and all "Confidential Information," as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

    3.    I promise that I will not disclose or discuss such "Confidential Information" with anyone other than the persons described in the Order.

    4.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

5.      I understand that any disclosure or use of "Confidential Information" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

6.      I will return all "Confidential By Order" records to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Confidential Information.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____          Signature: _____

- 2 -

*ACTIVE 62940216v1*