**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ava Rose, | No. CV-21-00775-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Dignity Health, | |
| Defendant. | |

Pending before the Court is the parties' stipulation for a protective order to cover the files of two patients that were treated by Plaintiff while she worked for Defendant. Procedurally, this request seeks to add these documents to the protective order already issued in this case; nonetheless, the parties submitted a whole new protective order. (Doc. 74).

As the Court understands it, each party is already in possession of these patient files. The files were maintained by Defendant in the course of its business. The files were produced by Defendant to a governing medical board as part of a complaint made against Plaintiff. This same governing medical board produced these files to Plaintiff as part of the file of the complaint made against her. Now, the parties seek a protective order to govern Plaintiff's production of Defendant's files back to Defendant even though Defendant is the original source of the files.

As the Court has previously stated, Federal Rule of Civil Procedure 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed.

R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.'" *See AGA Shareholders, LLC v. CSK Auto, Inc.,* 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

Rule 26(c), taken as a whole, clearly intends to govern information exchanged in discovery. It does not contain any provision to cloak legitimately obtained documents or information already in each party's respective possession with Court-ordered protection. Thus, the parties' request falls outside the scope of Rule 26(c).

Further, the parties' basis for the request is that these files contain confidential medical records pursuant to 45 C.F.R. § 164.502(a) and A.R.S. §12-2292. However, both parties already possess the records and both parties are already subject to the provisions of these regulations and statutes; thus, the Court does not see what "harm" will come if the Court does not enter a protective order. *AGA Shareholders*, 2007 WL 4225450, at *1. In other words, these parties are bound by these laws without a further order of this Court.

Finally, the employees of Defendant who Plaintiff intends to depose are already bound by these laws and, as far as the Court can tell, have already had access to these files.

Accordingly, because the Court cannot discern what a protective order will accomplish on these facts, the Court does not find good cause to expand the protective order to include this additional category of documents. Therefore,

**IT IS ORDERED** that the stipulated motion to amend the protective order (Doc. 74) is denied.

Dated this 29th day of July, 2022.

James A. Teilborg
Senior United States District Judge